**Doug Lee FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–97–124–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 27, 2000.

Randy M. Clapp, Duckett, Bouligny & Collins, El Campo, for appellant.

Josh Mccown, Dist. Atty., Wharton, Robinson C. Ramsey, San Antonio, for appellee.

Before Chief Justice SEERDEN and Justices HINOJOSA and CHAVEZ.

## OPINION ON REMAND

Opinion by Justice HINOJOSA.

A jury found appellant, Doug Lee Ford, guilty of possession of cocaine and assessed his punishment at fifty years imprisonment. By four points of error, appellant contends: (1) the prosecutor's strikes of African–American jurors were racially motivated; (2) the trial court improperly denied his motion to suppress the introduction of the cocaine into evidence because it was the product of an unlawful arrest; (3) the trial court improperly denied his motion to suppress the introduction of the cocaine into evidence because a proper chain of custody could not be established; and (4) the trial court erred in allowing into evidence the criminal conduct of a third party.

After finding the prosecutor's strikes of African–American jurors were improper, we sustained appellant's first point of error, reversed the conviction, and ordered a new trial. *Ford v. State*, No. 13–97–124–CR, 1998 WL 107352 at *3 (Tex.App.—Corpus Christi March 12, 1998) (not designated for publication) 1998 Tex.App. LEX-

IS 1573 at *7–*8 .[1] The Court of Criminal Appeals reversed our opinion, finding the State had shown a race-neutral motive for the strikes, even though the prosecutor was mistaken as to the information he relied upon. *Ford v. State,* 1 S.W.3d 691, 694 (Tex.Crim.App.1999). On remand, we review appellant's remaining points of error.

### A. STANDARD OF REVIEW

#### 1. *Motion to Suppress*

A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999); *Maddox v. State,* 682 S.W.2d 563, 564 (Tex. Crim.App.1985). The trial court is the sole trier of fact and judge of the weight and credibility of the evidence, and the reviewing court may not disturb supported findings of fact absent an abuse of discretion. *State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim.App.1999). We must afford almost total deference to the trial court's determination of facts supported by the record and its rulings on application of law to fact, or "mixed" questions of law, when those fact findings involve an evaluation of the credibility and demeanor of witnesses. *Maestas v. State,* 987 S.W.2d 59, 62 (Tex. Crim.App.1999); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). However, we review *de novo* mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. *Oles,* 993 S.W.2d at 106; *Maestas,* 987 S.W.2d at 62; *Guzman,* 955 S.W.2d at 89. On the other hand, if the issue is whether an officer had probable cause to seize a suspect, under the totality of the circumstances, the trial judge is not in an appreciably better position than the reviewing court to make that determination. *Guzman,* 955 S.W.2d at 87; *see also Loserth v. State,* 963 S.W.2d 770, 772 (Tex.Crim.App. 1998). Therefore, we will review appellant's point of error concerning the suppression of the cocaine as the fruit of an unlawful search and seizure by looking at the totality of the circumstances of the search and seizure.

At the hearing on his motion to suppress, appellant presented conflicting testimony concerning the chain of custody of the cocaine. Therefore, we will review appellant's point of error regarding the suppression of the cocaine due to chain of custody problems in the light most favorable to the trial court's ruling.

#### 2. *Admission of Other Evidence*

A trial court should be allowed the discretion to exclude or admit evidence, and an appellate court should not set aside the trial court's ruling absent a showing in the record that the trial court has abused that discretion. *Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim. App.1996), *cert. denied,* 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997); *Montgomery v. State,* 810 S.W.2d 372, 379 (Tex. Crim.App.1990). Unless the decision falls outside the zone of reasonable disagreement, given the law and pertinent circumstances, there is no abuse of discretion and the trial court's decision must be upheld. *Santellan v. State,* 939 S.W.2d 155, 169 (Tex.Crim.App.1997); *Rachal v. State,* 917 S.W.2d 799, 807 (Tex.Crim.App.1996); *Montgomery,* 810 S.W.2d at 379; *Moreno v. State,* 987 S.W.2d 195, 205 (Tex.App.—Corpus Christi 1999, pet. ref'd).

### B. FACTS

On August 6, 1996, Wharton Police Detectives Terry Lynch ("Lynch") and Allen Peikert ("Peikert") were sitting in their patrol car in a parking lot in Wharton talking with Wharton Police Officer Grady Smith, who was in his own patrol car. Lynch observed a black Mazda Protege without a front license plate being driven by Bryant "Red" Williams, whom Lynch knew had a suspended driver's license.

---

**1.** We initially ordered the opinion published. On May 14, 1998, we granted the State's motion requesting that the opinion not be published.

Lynch also had information from a reliable confidential informant that Williams was selling drugs out of a black Mazda. The two detectives activated the lights on their patrol car and followed the Mazda, attempting to make a traffic stop. A slow-speed chase ensued, during which the detectives observed Williams and his passenger making "furtive movements ... hand movements, body movements, back and forth ... the passenger may have been looking back." The Mazda finally stopped when Smith pulled his patrol car in front of it.

Lynch approached the passenger-side door. He had already decided to frisk the passenger because of the furtive movements between appellant and Williams. The door swung open and appellant got out of the car without being asked. Lynch recognized appellant and knew he was on parole for narcotics violations, had been involved in "assaultive situations," and had previously fled from the police. At this point, Lynch feared for his own safety and that of his fellow officers. He ordered appellant to place his hands on the roof of the car so he could be patted down for weapons. Instead of complying, appellant turned and attempted to shove past Lynch. When Lynch grabbed appellant's arm to stop him, appellant struck Lynch's shoulder with his arm in an attempt to get by, resulting in a struggle between appellant, Lynch, and Peikert. Peikert finally subdued appellant with a lateral vascular neck restraint.[2] Appellant was arrested for the assault of a peace officer. The two detectives managed to handcuff appellant's arms behind his back, but appellant fled again. Smith and police intern Jason Barker gave chase.

From this point on, the State's and appellant's versions of events are very different. The State's evidence showed that as Smith chased appellant, he saw a brown wallet and an object that reflected light fall from appellant's shorts near a yellow duplex. Smith yelled at Barker to pick up the wallet and continued chasing appellant, who was finally captured in the parking lot of a nearby grocery store. Smith and Barker returned to the area near the yellow duplex and recovered a baggie containing more than 16 grams of crack cocaine. Appellant was later found to have $550 in cash stuffed in his underwear.

Appellant's two aunts gave testimony that contradicted the testimony of the State's witnesses concerning where the baggie of cocaine was found and by whom. Because the trial court obviously disbelieved appellant's witnesses, we will view these facts in the light most favorable to the denial of appellant's motion to suppress.

C. UNLAWFUL SEARCH AND SEIZURE CLAIM

By his second point of error, appellant complains the cocaine was erroneously admitted into evidence because it was the fruit of an unlawful arrest. He contends that at the time of his arrest he had not committed any offense. Appellant relies on *Wong Sun v. United States*, 371 U.S. 471, 487, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

1. *The Initial Stop of the Vehicle*

A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view, including a traffic offense. TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977); *see also* TEX. TRANSP. CODE ANN. §§ 543.001 (traffic violator may be arrested without warrant), 521.457(a)(2) (offense of operating motor vehicle while one's driver's license is suspended), 502.404(a) (offense of operating motor vehicle without front license plate) (Vernon 1999); *Givens v. State*, 949 S.W.2d 449, 451–52 (Tex. App.—Fort Worth 1997, pet. ref'd) (person may be arrested for driving while driver's license is suspended); *Nelson v. State*, 848 S.W.2d 126, 132–33 (Tex.Crim.App.1992), *cert. denied*, 510 U.S. 830, 114 S.Ct. 100,

**2.** A "lateral vascular neck restraint" restricts blood flow to the brain.

126 L.Ed.2d 66 (1993) (driver may be arrested for failing to properly display license plate).

Detectives Lynch and Peikert pulled over the black Mazda after they observed Williams driving without a front license plate and while his license was suspended. We conclude the original stop was not unlawful.

### 2. *The Frisk*

 It is well-established that a peace officer has the right to conduct a weapons frisk if, in light of his experience, he reasonably fears for his own safety or that of others. *Terry v. Ohio*, 392 U.S. 1, 32–33, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Davis v. State*, 829 S.W.2d 218, 220 (Tex.Crim.App.1992); *Wood v. State*, 515 S.W.2d 300, 306 (Tex.Crim.App.1974). When Lynch approached the car, he had already decided to frisk the passenger because of the furtive movements he had seen between the passenger and driver. When appellant emerged from the Mazda, Lynch recognized him as someone who had previously scuffled with and fled from police officers. Fearing for his own safety and the safety of others, he attempted to frisk appellant. We conclude the attempted frisk of appellant was not unlawful.

### 3. *The Arrest*

 Appellant was not under arrest when he emerged from the car. However, because he struck Detective Lynch while attempting to flee, he was arrested for assaulting a peace officer. Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977)(officer may make warrantless arrest of person who commits an offense in his presence or within his view); Tex. Pen.Code Ann. § 22.01 (Vernon 1994)(offense of assault); *see also* Tex. Pen.Code Ann. § 38.03 (Vernon 1994) (offense of resisting arrest, search, or transportation). We conclude appellant's arrest was not unlawful.

### 4. *Seizure of the Cocaine*

 Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence. *Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Stoker v. State*, 788 S.W.2d 1, 9 n. 5 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). We conclude the officers had the right to seize the cocaine as it lay in plain view after it flew out of appellant's shorts during his brief flight.

We hold the trial court did not err in refusing to grant appellant's motion to suppress the cocaine as the fruit of an unlawful search and seizure. Appellant's second point of error is overruled.

### D. Chain of Custody

By his third point of error, appellant complains the trial court erred by denying his motion to suppress the introduction of the cocaine into evidence because the proper chain of custody was not established.

 Appellant argues that because the cocaine was actually found on the ground in a public area known as a "crack neighborhood," and not on his person, there is an impermissible gap in the chain of custody of the cocaine. We note that appellant did not raise or brief the sufficiency of the evidence linking appellant to the cocaine. Therefore, we do not address the sufficiency of the evidence on this issue.

 Gaps in the chain of custody generally go to the weight and credibility of the evidence in question, not its admissibility. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex.Crim.App.1997); *Stoker*, 788 S.W.2d at 10; *Alvarez v. State*, 857 S.W.2d 143, 147 (Tex.App.—Corpus Christi 1993, pet. ref'd). Tagging an item of physical evidence at the time of its seizure and then identifying it at trial based upon the tag will support admission of the evidence barring any showing of tampering or alteration. *Stoker*, 788 S.W.2d at 10. Here, the

undisputed testimony of the police officers and technicians established the proper chain of custody of the cocaine—from its seizure at the crime scene to its appearance in the courtroom on the day of appellant's trial.

We hold the trial court did not err in denying appellant's motion to suppress because the proper chain of custody was established. Appellant's third point of error is overruled.

## E. CRIMINAL CONDUCT OF THIRD PARTY

By his fourth point of error, appellant contends the trial court erred in admitting evidence of the criminal conduct of Williams, the driver of the black Mazda.

Relevant evidence is generally admissible. TEX.R.CRIM. EVID. 402.[3] To be deemed relevant, evidence must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." TEX.R.CRIM. EVID. 401. Consequential facts are those having something to do with the ultimate determination of guilt or innocence in a particular case. *Mayes v. State*, 816 S.W.2d 79, 84 (Tex.Crim.App.1991). Here, Williams' conduct was an integral part of the same criminal episode that placed appellant under the scrutiny of the Wharton Police Department and concluded with appellant's attempted flight and abandonment of the cocaine.

Furthermore, appellant's sole defensive theory was that the cocaine was never in his possession and belonged to someone else in the neighborhood. Williams' conduct in possessing and possibly selling cocaine in appellant's presence tends to show that appellant did possess the cocaine, either by purchasing it from Williams, or by engaging in a scheme with Williams to sell cocaine out of the black Mazda. Therefore, this testimony constitutes "same transaction contextual evidence," and is relevant under rules 401 and 402 in establishing an affirmative link between appellant and the cocaine. See TEX.R.CRIM. EVID. 401, 402; *Mayes*, 816 S.W.2d at 86; *see also, Montgomery*, 810 S.W.2d at 375. The State is entitled to admit evidence to show the context in which the criminal act occurred; events do not occur in a vacuum and the jury should be allowed to hear what happened immediately before and after the act so they may realistically evaluate the evidence. *Coleman v. State*, 577 S.W.2d 695, 696 (Tex. Crim.App.1978); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972).

Appellant's contention that this testimony was admitted in contravention of rule 404, merely to show that he was a bad man who was riding around in a car driven by a drug dealer, is not supported by the record. *See* TEX.R.CRIM. EVID. 404. Appellant further contends that even if this evidence is relevant and is not impermissible character evidence, it is overly prejudicial under the balancing test set forth in rule 403, which states that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX.R.CRIM. EVID. 403.

Almost all evidence offered by the prosecution will be prejudicial to the defendant. Thus, only evidence which is unfairly prejudicial should be excluded. *Caballero v. State*, 919 S.W.2d 919, 922 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd); *Fletcher v. State*, 852 S.W.2d 271, 277 (Tex.App.—Dallas 1993, pet. ref'd). Unfair evidence is that which has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one. *Montgomery*, 810 S.W.2d

---

**3.** The former Texas Rules of Criminal Evidence were in effect at the time of this trial on

December 16, 1996.

at 389; *Caballero,* 919 S.W.2d at 922. Because rule 403 requires exclusion only if the danger of unfair prejudice *substantially* outweighs the probative value, there is a presumption that relevant evidence will be more probative than prejudicial. *Montgomery,* 810 S.W.2d at 389; *Nolen v. State,* 872 S.W.2d 807, 811 (Tex.App.—Fort Worth 1994), *pet. ref'd,* 897 S.W.2d 789, 790 (Tex.Crim.App.1995). There also is a presumption that the trial court admitted the evidence after determining its probative value substantially outweighed the danger of unfair prejudice to appellant. *Williams v. State,* 958 S.W.2d 186, 195–96 (Tex.Crim.App.1997); *Nolen,* 872 S.W.2d at 811; *Moyer v. State,* 948 S.W.2d 525, 531 (Tex.App.—Fort Worth 1997, pet. ref'd). There is no requirement that the trial court announce for the record that it has conducted and completed the balancing test in its own mind. *Williams,* 958 S.W.2d at 195–96; *Nolen,* 872 S.W.2d at 812.

After reviewing the record, we hold the trial court did not abuse its discretion by admitting evidence of William's conduct. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.