NUMBER
13-01-592-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

JESUS RODRIGUEZ,                                                             Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 214th District Court

                                  of Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Jesus Rodriguez, was convicted of aggravated
unlawful possession of marijuana.  By a
sole point of error, Rodriguez contends the trial court erred in denying his
motion to suppress the evidence.  By
denying this motion, Rodriguez claims the court infringed on his Fourth and
Fourteenth Amendment rights to be free from illegal searches and seizures.  We affirm.

I.  FACTS

A Nueces County deputy sheriff stopped Rodriguez for failure to
have a license plate on the back of his tractor trailer.  Rodriguez properly pulled over and got out of
his car.  He produced all required
documents: a driver=s license, the
license plate application, the vehicle registration papers, proof of insurance,
authorization to haul goods in Texas, and his interstate commission card.  The officer concedes the license plate
corresponded with Rodriguez=s
paperwork.  The officer wanted to check
the paperwork against the vehicle identification number (VIN) on the door frame
and underneath the steering wheel. 
Although Rodriguez presented the required documentation to the officer,
he did not consent to the officer=s search for
the VIN underneath the steering wheel.  

As the officer went to look at the VIN underneath the steering
wheel, he noticed the sleeping compartment closed off with a curtain.  Upon opening the curtain the officer found
1,136 pounds of marijuana.  The officer
testified the appellant appeared nervous, possessed an illegal radar detector, and the cab of the truck had a strong smell of air
freshener. 








Rodriguez pled not guilty and waived his right to a jury
trial.  He filed a motion to suppress the
evidence seized from the truck.  The
trial court denied his motion.  The trial
court found Rodriguez guilty and sentenced him to fifteen years imprisonment for
possession of more than 50 pounds, but less than 2,000 pounds of marijuana.

II. STANDARD OF REVIEW








A trial court=s ruling on a
motion to suppress is generally reviewed for abuse of discretion.  See Ford v. State, 26 S.W.3d 669, 672
(Tex. App.BCorpus Christi
2000, pet. ref=d) (citing Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)).  Mixed questions of law and fact that turn on
the credibility and demeanor of a witness are reviewed under a total deference
standard.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  Mixed questions
of law and fact which do not turn on the credibility and demeanor of a witness
are reviewed de novo.  Id. 
When the trial court does not make findings of fact, we view the evidence in
the light most favorable to the trial court=s ruling and assume the trial court made
implicit findings of fact that support its ruling so long as those findings are
supported by the record.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Carmouche
v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).  The typical motion to suppress case alleging
lack of probable cause will be reviewed with a bifurcated standard of review
giving almost total deference to a trial court=s express or implied determinations of
fact, and review de novo the court=s application
of the law of search and seizure to those facts.  Ross, 32 S.W.3d at 856.  In the instant case, the trial court did not
file findings of fact.  Therefore, we
must assume the court made implicit findings of fact and review de novo the
application of law to those facts.  See Roquemore v. State, 60
S.W.3d 862, 866 (Tex. Crim. App. 2001).

III. 
ANALYSIS

In his sole point of error, Rodriguez contends the trial court
erred in denying his motion to suppress because the search violated his Fourth
and Fourteenth Amendment rights to be free from illegal searches and
seizures.  Rodriguez does not challenge
the police officer=s authority to
initially stop the truck for not having a license plate on the trailer.  Therefore, the two issues we must discuss are
(1) whether the officer properly entered the truck to find the VIN, and (2)
whether the officer had reasonable suspicion to search the sleeping compartment
of the truck.  See Terry v. Ohio, 392
U.S. 1, 31 (1967); Davis v. State, 947 S.W.2d 240, 242-43 (Tex. Crim.
App. 1997). 

A. Vehicle Identification Number

A request for a driver=s license or
other identification, proof of insurance, information regarding the ownership,
and destination/purpose of trip are proper inquiries following a traffic stop.  See Estrada v. State, 30 S.W.3d 599, 603
(Tex. App.BAustin 2000,
pet. ref=d).  It is reasonable for an officer to want to
compare the VIN number of the vehicle to the paperwork provided by the
driver.  Id.  Therefore, we conclude the trial court
did not abuse its discretion by determining the officer legitimately entered
the truck to verify the VIN.  See id.;
see also Michigan v. Long,  463 U.S. 1032, 1048 (1983) (holding conduct is
reasonable when weighing the interest of the individual against legitimate
interests of crime prevention). 








B. Sleeping Compartment

An appeals court looks to the totality of circumstances to
determine whether a stop and investigatory detention is supported by reasonable
suspicion.  See Hulit v. State,
982 S.W.2d 431, 436 (Tex. Crim. App. 1998); see also Klare v. State,   No. 14-00-00481, 2002 Tex. App. LEXIS 1807,
at *6 (Houston [14th Dist.], March 7, 2002, no pet.).  A police officer generally may not search
a vehicle=s interior
without evidence of criminal activity or potential danger to the officer.  See United States v. Hunt, 253 F.3d 227, 231 (5th Cir. 2001).  Reasonable suspicion requires that there is
something out of the ordinary occurring and some indication that the unusual
activity is related to crime.  See
Davis, 947 S.W.2d at 244.  There must be specific and articulable facts
which, taken together with rational inferences from those facts reasonably
warrant that intrusion.  Id. at 242. 








In this case, the sleeping compartment of the tractor trailer
could easily hold more than one person. 
While looking for the VIN, the officer testified he wanted to open the
curtain to be sure that no other people were in the truck.  See Hunt, 253 F.3d
at 231.  Also, in light of
Rodriguez=s nervousness,
possession of an illegal radar detector, and the strong smell of air freshener
in the cab of the truck, there are specific articulable facts which created a
reasonable suspicion that criminal activity was afoot.  See Maryland v. Buie, 494 U.S. 325,
327 (1990); see also Davis, 947 S.W.2d at 242.  Based on the totality of circumstances, we
conclude the officer had reasonable suspicion to open the curtain separating
the driving space and the sleeping compartment.  See Long, 463 U.S. at 1050; see also
Buie, 494 U.S. at 332; Klare, 2002 Tex. App. 1807, at *7.  

C. Marijuana

Objects falling in plain view of an officer who has the right
to be in the position to have that view are subject to search and seizure and
may be introduced into evidence.  See
Harris v. United States, 390 U.S. 234, 236 (1968); Ford, 26
S.W.3d at 674.  If, while conducting a
legitimate search, the officer discovers contraband other than weapons, he
cannot be required to ignore it.  See
Long, 463 U.S. at 1034; Ardoin, 955 S.W.2d at 423.  Because we have concluded the officer had the
right to open the curtain to the sleeping compartment, we determine the officer
had authority to seize the marijuana which lay in plain view on the floor of
the sleeping compartment.  See Ford, 26
S.W.3d at 674; see also Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim.
App. 1996). 

IV. 
CONCLUSION








The protective search of the passenger and sleeping compartment
of Rodriguez=s truck was
reasonable under the Terry standards. 
See Terry, 392 U.S. at 31; see also Long,
463 U.S. at 1034 (holding Terry is not limited to preventative searches
of the person of the detained suspect, but applies also to reasonable searches
of a vehicle=s passenger
compartment).  In light of the totality
of circumstances, we find that the officer had probable cause to search the
sleeping compartment of the truck.  See
Guzman, S.W.2d 955 at 87.  The court
did not abuse its discretion in denying Rodriguez=s motion to suppress.  Ford, 26 S.W.3d at
672.  Rodriguez=s sole point of
error is overruled.

Accordingly, the trial court=s judgment is affirmed.

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 3rd day of July,
2002.