Opinion issued November 21, 2002 













In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01203-CR




JOHN BILLY MILLS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 28,475-272




O P I N I O N

          A jury convicted appellant, John Billy Mills, of the state jail felony offense of
possession of less than one gram of cocaine.


 The trial court, after finding two
enhancement paragraphs true, assessed punishment at 10 years’ confinement. 
Appellant, in three points of error, asserts the trial court erred (1) by permitting
Officer Hines to testify about extraneous acts of misconduct by a third party, (2) by
permitting Officer Hines to testify that a third party possessed cocaine, and (3) by
improperly dismissing a prospective juror for cause. We affirm. 
Statement of Facts
          Officer Hines stopped a car for speeding in a school zone. Officer Hines
approached the driver, Doris McKinney, while his partner, Officer Fikes, approached
appellant, who was sitting in the passenger seat. When McKinney was retrieving her
driver’s license from her purse, Officer Hines observed a “chore boy” (a copper
scouring pad considered drug paraphernalia because it is used as filter material in a
crack pipe) inside her bag. Officer Hines then returned to his squad car, with
McKinney’s identification, to perform a background check. 
          During the time Officer Hines was in his patrol car, he observed McKinney
standing outside her car and rubbing her fingers together. Officer Hines testified that
white powder was falling from her fingers. Officer Fikes then grabbed McKinney’s
wrist temporarily until Officer Hines returned to McKinney’s car. The officers
completed a field-drug test, which confirmed that the powdery substance was cocaine. 
McKinney was then arrested for possession of a controlled substance and tampering
with physical evidence. 
          Thereafter, Officer Hines acquired appellant’s driver’s license and similarly
performed a background check. The background check revealed that appellant had
two outstanding warrants for his arrest. Appellant was immediately arrested and
searched. Officer Hines found a crack pipe in appellant’s right jacket pocket and a
can of snuff in his back left pants pocket. The can contained snuff and two brown,
stained rocks that Officer Hines believed was crack cocaine. A chemist for the Texas
Department of Public Safety later confirmed that the rocks contained cocaine. 
Extraneous Acts and Harm Analysis
          Appellant argues, in point of error one, that the trial court abused its discretion
when it permitted Officer Hines to testify about the extraneous acts of misconduct by
McKinney. Among his objections, appellant asserted that the testimony was
irrelevant and, alternatively, that the probative value of Officer Hines’s testimony was
substantially outweighed by the danger of unfair prejudice. 
          We review a trial court’s decision to exclude evidence under an abuse-of-
discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
An abuse of discretion occurs when the trial court acts without reference to any
guiding principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990). The standard requires us to uphold a trial court’s decision when that decision
is within “the zone of reasonable disagreement.” Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001). Generally, evidence of crimes, wrongs, or acts is not
admissible to show that a person acted in conformity with that character on the
occasion in question. Tex. R. Evid. 404(b). Such evidence may only be admitted for
other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident. Id. 
          Here, the trial court, over appellant’s objections, admitted McKinney’s
extraneous misconduct as background evidence.


 There are two types of background
evidence: (1) evidence of other offenses connected with the primary offense, referred
to as “same transaction contextual evidence”; and (2) general background evidence,
referred to as “background contextual evidence.” Mayes v. State, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). The State argued that the evidence was admissible as
same transaction contextual evidence to prove appellant knowingly possessed
cocaine.


 
          Extraneous-offense evidence, which is not probative with respect to any fact
of consequence to the determination of an action, may still be relevant, and thus
admissible, if it creates a context from which the fact finder may more ably make
judgments about those other facts that are of consequence to the determination of the
charged offense. Kiser v. State, 893 S.W.2d 277, 283 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d) (citing Mayes, 816 S.W.2d at 85)). Before contextual evidence
is admissible under Rule 404(b), it must meet a two-part test. Garcia v. State, 17
S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (citing Rogers v. State,
853 S.W.2d 29, 32 (Tex. Crim. App. 1993)). First, the background evidence must be
relevant under Rule 401. Garcia, 17 S.W.3d at 6. “Although the State is permitted
to offer evidence of what happened before and after the commission of the offense,
the evidence must be relevant to something at issue in the case and not inherently
prejudicial.” Id. at 7. Second, if the evidence is relevant, the court must determine
whether the evidence fits under one of the exceptions to Rule 404(b). Id. 
          We must first determine if McKinney’s extraneous misconduct is relevant to
this case. To be deemed relevant, evidence must have “any tendency to make the
existence of any fact that is of consequence to the determination of the action more
probable than it would be without the evidence.” Tex. R. Evid. 401. Consequential
facts are those having something to do with the ultimate determination of guilt or
innocence in a particular case. Mayes, 816 S.W.2d at 84. 
          The State argues that McKinney’s extraneous misconduct is relevant because
it was an integral part of the same criminal episode that placed appellant under the
scrutiny of the police. Ford v. State, 26 S.W.3d 669, 675 (Tex. App.—Corpus Christi
2000, no pet.). We disagree. Instead, we hold that: (1) McKinney’s possession of
cocaine does not, by itself, tend to show appellant knowingly possessed the cocaine
found on his person; and (2) McKinney’s extraneous misconduct is not a
consequential fact from which the trial court could have decided whether appellant
was guilty or innocent. Thus, we conclude that the trial court abused its discretion
by admitting the evidence. 
          Because we conclude that the evidence was not relevant to appellant’s case, we
do not reach the question of whether the evidence fits under one of the exceptions to
Rule 404(b). 
          Having found the evidence inadmissible, we review whether the erroneous
admission of evidence caused appellant harm. Error in the admission of evidence is
subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate
Procedure. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Under
Rule 44.2(b), the reviewing court is to disregard any error unless it affects appellant’s
substantial rights. Tex. R. Civ P. 44.2(b). “A substantial right is affected when the
error had a substantial or injurious effect or influence in determining the jury’s
verdict.” King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We will let
a conviction stand if, after examining the record as a whole, there exists a fair
assurance that the error did not influence the jury or had but a slight affect. Schutz
v. State, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). 
          When an accused is charged with unlawful possession of cocaine, the State
must prove: (1) the defendant exercised actual care, custody, control, or management
over the contraband; and (2) the accused knew the object he possessed was
contraband. See Linton v. State, 15 S.W.3d 615, 619 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d). 
          Appellant argues that the acts of a third party, as described by Officer Hines,
were used by the jury to infer that appellant knowingly possessed cocaine. However,
the record shows that appellant possessed (1) a crack pipe in his right front jacket
pocket, and (2) two crack cocaine rocks in a snuff can located in his back left pocket. 
We find that, the admission of Officer Hines’s testimony had but a slight effect, if
any, in the jury’s determination that appellant knowingly possessed cocaine. 
Accordingly, appellant’s substantial rights have not been affected, and thus, any error
must be disregarded. 
          We overrule point of error one.
Qualifying Officer Hines as an Expert
          Appellant argues, in point of error two, that the trial court committed reversible
error when it permitted Officer Hines to testify that McKinney possessed cocaine.
Specifically, appellant alleges that the State failed to qualify Officer Hines as an
expert prior to his testimony. Adopting the harmful-analysis discussion in point of
error one, we need not reach appellant’s second point of error, other than to reiterate
that any error attributed to Officer Hines’s testimony was harmless. 
          We overrule point of error two.
Juror Challenge for Cause
          In appellant’s final point of error, he argues that the trial court abused its
discretion by improperly granting the State’s challenge for cause against a
prospective juror. Appellant asserts that the trial court erred because the State failed
to establish how the prospective juror, Nancy Roman, exemplified a bias or prejudice
against the State or any law upon which the State relied. 
          A prospective juror may be challenged for cause when she has a bias against
or in favor of the defendant. See Tex. Code Crim. Proc. Ann. art. 35.16(a)(9)
(Vernon Supp. 2002). If a prospective juror is biased as a matter of law, that juror
must be excused when challenged, even if she states that she can set aside her bias
and provide a fair trial. See Anderson v. State, 633 S.W.2d 851, 853 (Tex. Crim. App.
1982). However, it is left to the broad discretion of the trial court to determine first
whether bias exists. Id. at 854. Absent an abuse of discretion, we will not disturb the
trial court’s ruling on a challenge for cause. See Mooney v. State, 817 S.W.2d 693,
701 (Tex. Crim. App. 1991). The trial court should be given wide latitude because
the trial judge is in the best position to gauge the prospective juror’s demeanor and
tone of voice. Id. 
          We note the following testimony offered by Ms. Roman during voir dire:
STATE:You indicated your husband had been arrested? . . .
Is there anything about that that would prevent you
from being fair to the prosecution in this case?
ROMAN (Juror):Yes, it would. 
STATE:Can you tell me why?
ROMAN (Juror):I just have my doubts about the judicial system now
. . . I think a person sometimes—I’ve seen it so
many times—that are proven guilty, but yet they’re
innocent. And because of the prosecutors—they
have a way of putting words in someone’s
mouth—and I disagree with that totally.
STATE:And your feelings are apparently very strong?
ROMAN (Juror):Yes, they are. 
STATE:And would it be fair to say, then, that they would
prevent you from giving the prosecution in this case
a fair trial?
ROMAN (Juror):I would not give the prosecution a fair trial. 
STATE:And you also indicated that you didn’t think this
case should be charged as a felony?
ROMAN (Juror):Yes.
STATE:And so you disagree about the law?
ROMAN (Juror):I think it should be a misdemeanor. 
STATE:Would that also prevent you from being a fair juror?
That additional fact that you disagree with the law?
ROMAN (Juror):Yes, it would . . . . 
          Appellant objected to the trial court’s decision to excuse Ms. Roman for cause. 
To support his argument, appellant referred to the following effort to rehabilitate Ms.
Roman’s testimony:

APPELLANT’S COUNSEL:    If the State proved to you to your satisfaction that Mr.
                                                   Mills was guilty as charged, if they proved it to your
                                                   satisfaction, would you vote him guilty?
ROMAN (Juror):                       If the facts were there and they’ve proved it and they
can show proof, yes. 
APPELLANT’S COUNSEL:    You can evaluate a police officer’s testimony the
same as any other witness, give it—at least from the
starting point?
ROMAN (Juror):                       If he’s truthful . . . .
APPELLANT’S COUNSEL:    So, consequently, based on what you believe was
truthful police officer testimony, and whatever other
evidence, was presented—
ROMAN (Juror):                       Right. 
APPELLANT’S COUNSEL:    —if the case was proven to your satisfaction you
would vote guilty, is, I think, what you’re telling me;
right?
ROMAN (Juror):                       Yes, sir.
APPELLANT’S COUNSEL:    And the flip side of that coin is that if the case
wasn’t proven to your satisfaction, would your
verdict be not guilty at that point?
ROMAN (Juror):                       Probably so . . . .
APPELLANT’S COUNSEL:    So, it sounds like, even though you have strong
feelings, it sounds like, to me, you would be able to
follow the law despite the feelings you have?
ROMAN (Juror):                       Yes.
APPELLANT’S COUNSEL:    And, really, that’s the key issue—despite what your
                                                   feelings are—can you still follow the law?

          Appellant argues (1) Ms. Roman stated she would be able to follow the law,
(2) Ms. Roman could evaluate a police officer’s testimony in the same manner as
anyone else, (3) the State failed to show how Ms. Roman was biased, and (4) the
State failed to show what favor Ms. Roman would give to the defense. Thus,
appellant concludes that the State failed, as a matter of law, to prove Ms. Roman was
biased. 
          We grant considerable latitude to the trial judge, who had the opportunity to
directly observe the demeanor of the juror. Kemp v. State, 846 S.W.2d 289, 301 (Tex.
Crim. App. 1992). The need for deference is especially critical when the reviewing
court is faced with a record that demonstrates uncertainty in a juror’s responses. Id. 
Here, because Ms. Roman vacillated in her responses to questions posed by the State
and appellant’s counsel, we will give deference to the trial court’s decision to excuse
Ms. Roman, absent a finding of an abuse of discretion. After reviewing all of her
testimony, we conclude that the trial court did not abuse its discretion by granting the
State’s challenge for cause. Thus, we will not disturb the trial court’s ruling. 
          We overrule point of error three. 
 
Conclusion
          We affirm the trial court’s decision. 
 

                                                                        Frank C. Price
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Price.



Justice Taft concurs in the disposition of point of error one and joins the remainder
of the opinion. 

Do not publish. Tex. R. App. P. 47.