NUMBER 13-02-629-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


VIRGILIO LOPEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Rodriguez



 Appellant, Virgilio Lopez, was tried before a judge and convicted of possession
of a controlled substance. Punishment was assessed at five years community service
and a $500.00 fine. The trial court has certified that this case "is a plea bargain case,
but matters were raised by written motion filed and ruled on before trial and not
withdrawn or waived, and the Defendant has the right of appeal." See Tex. R. App.
P. 25.2(a)(2). By two issues, appellant contends that the trial court erred in denying
the pre-trial motion to suppress because (1) the consent was not free nor voluntary,
and (2) the police officers lacked reasonable suspicion to justify the scope of the
search beyond the traffic stop. We affirm.

I. FACTS


 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. STANDARD OF REVIEW


 A trial court's ruling on a motion to suppress is generally reviewed for abuse of
discretion. See Ford v. State, 26 S.W.3d 669, 672 (Tex. App.-Corpus Christi 2000,
no pet.) (citing Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)). When
the trial court does not make findings of fact, as in this case, we view the evidence
in the light most favorable to the trial court's ruling and assume the trial court made
implicit findings of fact that support its ruling so long as those findings are supported
by the record. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000);
Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). The typical
motion to suppress case alleging lack of probable cause will be reviewed with a
bifurcated standard of review giving almost total deference to a trial court's express
or implied determinations of fact, and reviewing de novo the court's application of the
law of search and seizure to those facts. Ross, 32 S.W.3d at 856. The trial court is
the sole fact finder at a hearing on a motion to suppress evidence and may choose to
believe or disbelieve any or all of the witnesses' testimony. Johnson v. State, 803
S.W.2d 272, 287 (Tex. Crim. App. 1990). A reviewing court is not at liberty to
disturb any finding by the trial court which is supported by the record. Id. 

III. APPLICABLE LAW

 Both the federal and state constitutions protect citizens against unreasonable
searches and seizures. U.S. Const. amend. IV; Tex. Const. art. I, § 9. A search
conducted without a warrant based on probable cause is per se unreasonable. Katz
v. United States, 389 U.S. 347, 357 (1967); Juarez v. State, 758 S.W.2d 772, 775
(Tex. Crim. App. 1988). No evidence obtained by an officer in violation of the
Constitution or laws of the United States or the State of Texas shall be admitted into
evidence against the accused during the trial of any criminal case. Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon Supp. 2004); Flores v. State, 824 S.W.2d 704, 705
(Tex. App.-Corpus Christi 1992, pet. ref'd).

 Any constitutional or statutory protection afforded, however, is waived when
an individual consents to a search. Juarez, 758 S.W.2d at 775; Henson v. State, 915
S.W.2d 186, 193 (Tex. App.-Corpus Christi 1996, no pet.). A consent to search may
be oral and still be valid. Montoya v. State, 744 S.W.2d 15, 25 (Tex. Crim. App.
1987). When validity of consent is in issue, the State bears the burden of proof by
clear and convincing evidence to show that the consent was freely and voluntarily
given. Juarez, 758 S.W.2d at 775; Henson, 915 S.W.2d at 193. This burden
requires the prosecution to show the consent was positive and unequivocal, and there
must not be duress or coercion, actual or implied. Juarez, 758 S.W.2d at 775;
Henson, 915 S.W.2d at 193. Voluntariness is a question of fact to be determined
from the totality of all the circumstances. Meeks v. State, 692 S.W.2d 504, 510
(Tex. Crim. App. 1985). Consent may be ineffective if induced by a show of force or
other coercive surroundings. Johnson, 803 S.W.2d at 287. 

IV. ANALYSIS

A. Consent

 By his first issue, appellant argues that the consent he gave to search his vehicle
was neither free nor voluntary. Appellant asserts that he was not fluent in English and
therefore had difficulty understanding the search request. In Reyes-Perez v. State, the
court held that the inability to adequately comprehend a search request due to
language barriers may nullify consent. Reyes-Perez v. State, 45 S.W.3d 312, 319
(Tex. App.-Corpus Christi 2001, pet. ref'd). However, unlike the facts in Reyes-Perez,
in this case Officer Mata was fluent in Spanish and conveyed the search request to
appellant in Spanish after appellant failed to respond to the initial request asked in
English. Appellant then consented in Spanish to Officer Mata's request. There was
no evidence of coercion or duress by either officer. There is also no evidence that the
officers had drawn their weapons or engaged in other acts of intimidation. See
Johnson, 803 S.W.2d at 287 (finding that in evaluating validity of consent, a court
may stress that consent was obtained in an environment with few police officers and
without use of weapons). Appellant was not under arrest at the time of the search
request, and the initial detention was proper as a result of a routine traffic stop.

 Viewing the evidence in the light most favorable to the trial court's ruling, see
Ross, 32 S.W.3d at 855, we conclude the record was sufficient to constitute clear
and convincing evidence of appellant's free and voluntary consent to search. 
Appellant's first issue is overruled.

B. Scope of Search

 By his second issue, appellant contends that the arresting officers lacked
reasonable suspicion to justify the scope of the investigation into matters unrelated to
the traffic stop. Appellant does not contest the validity of the initial traffic stop for the
window tint violation, but argues that the police officers' reliance solely on appellant's
nervousness was insufficient to justify expanding the scope of the detention beyond
the traffic citation. See United States v. Fernandez, 18 F.3d 874, 879 (10th Cir.
1994) (finding nervousness alone to be of limited significance in determining
reasonable suspicion). However, one of the exceptions to the warrant and probable
cause requirements of the Fourth Amendment is a search conducted pursuant to
consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1972); State v. Derrow,
981 S.W.2d 776, 778 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd). Appellant's
voluntary consent to search his vehicle negated any prerequisite reasonable suspicion
requirements on the part of the police officers. See Spight v. State, 76 S.W.3d 761,
767-68 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (overruling appellant's challenge
that arresting officer lacked reasonable suspicion on grounds that appellant had given
consent); Foster v. State, 101 S.W.3d 490, 495 (Tex. App.-Houston [1st Dist.]
2002, no pet.) (finding that a search pursuant to voluntary consent does not require
reasonable suspicion). As we have concluded above that appellant's consent was free
and voluntary, we find that there is no reasonable suspicion requirement to be met. 
Appellant's second issue is overruled. 

V. CONCLUSION

 Giving almost total deference to the trial court's implied determination of fact
and reviewing de novo the trial court's application of the law of search and seizure to
these facts, see Ross, 32 S.W.3d at 856, we conclude that the trial court did not
abuse its discretion in denying appellant's motion to suppress. See Ford, 26 S.W.3d
at 672. Accordingly, the judgment of the trial court is affirmed. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this the 15th day of July, 2004.