NUMBER 13-03-686-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DONALD RAY JOHNSON, JR.,                                                   Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 329th District Court
of Wharton County, Texas.




 M E MO R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
 
Memorandum Opinion by Chief Justice Valdez
          Appellant, Donald Ray Johnson, Jr., was charged with possession of a
controlled substance with intent to deliver in a drug-free zone. The trial court denied
appellant’s motion to suppress, and he was subsequently tried and convicted. A jury
assessed appellant’s punishment at life imprisonment and a $10,000 fine.
         Appellant asserts that his arrest was unlawful and that evidence seized from his
car should have been suppressed at trial. We affirm the judgment of the trial court.
I. Facts
         On September 7, 2002, Wharton County Detective Sergeant Grady Smith
obtained a search warrant for a residence in Wharton County. Smith received
information from a cooperating individual


 that there was drug activity at this
residence. A second cooperating individual informed Smith that appellant was dealing
drugs, particularly crack cocaine, from this residence.



         Before executing the search warrant, Smith and Police Chief Tim Guin
conducted surveillance on the residence from a car in a nearby parking lot. During the
surveillance they observed appellant exit the front door of the residence accompanied
by his mother, Clara Grissom. Smith recognized appellant instantly because Smith had
previously investigated cases involving appellant and knew appellant to be a drug
dealer.
         Smith and Guin observed appellant carrying a blue plastic Wal-Mart bag cupped
in his hand in front of his body. Smith testified that, through his binoculars, he saw
a cookie of crack cocaine in the bag. Smith explained a cookie of crack cocaine takes
it shape from the manner in which the drug dealer cooks the cocaine. Smith also
testified the method of cooking cocaine that results in a cookie of crack cocaine is the
method the local drug dealers use.
         Appellant placed the bag in the trunk of the car and left the residence with
Grissom in the car. Smith and Guin followed the car and called for a patrol unit. The
patrol unit arrived and stopped the car. Smith and Guin joined in the stop. Smith
handcuffed appellant, searched the trunk, and found the blue Wal-Mart bag containing
cocaine. While handcuffed, appellant grabbed the cookie of crack cocaine and ate
some of it. Guin was able to wrest it away from him and preserve the cocaine as
evidence. Subsequent analysis of the cocaine showed 146 grams of cocaine were
recovered. 
II. Standard of Review
         A trial court’s ruling on a motion to suppress is generally reviewed for abuse of
discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Ford v.
State, 26 S.W.3d 669, 672 (Tex. App.–Corpus Christi 2000, no pet.). We must
afford almost total deference to a trial court’s express or implied determinations of fact
and review de novo the court’s application of the law of search and seizure to those
facts. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). The trial
court is the sole fact finder at a hearing on a motion to suppress evidence and may
choose to believe or disbelieve any or all of the witnesses’ testimony. Johnson v.
State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990). We are not at liberty to disturb
any finding by the trial court that is supported by the record. Id. 
III. Analysis
         In appellant’s sole issue he contends that he was unlawfully arrested because
the officers lacked probable cause as required by chapter 14 of the code of criminal
procedure and that the fruits of his arrest should have been suppressed pursuant to
article 38.23 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. arts.
14.01-14.06 (Vernon 1977 & Supp. 2004), 38.23 (Vernon Supp. 2004). Appellant
challenges both the reasonable suspicion to detain and lack of probable cause to arrest
him and search the car. Specifically, he argues that the blue Wal-Mart bag was
opaque and not translucent and that Smith was too far away from the residence to be
able to identify the contents of the blue bag as cocaine, thus making appellant’s
subsequent detention and arrest illegal.
A. Detention
         An officer with a reasonable suspicion to believe that an individual is involved
in criminal activity may conduct a brief investigative detention. Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002). The reasonableness of a temporary
detention must be examined in terms of the totality of the circumstances and will be
justified when the detaining officer has specific, articulable facts that, taken together
with rational inferences from those facts, lead to the conclusion that the person
detained actually is, has been, or soon will be engaged in criminal activity. Id.
         The record evidence supports a finding that Smith had reasonable suspicion to
detain appellant. Smith was acting upon the following specific, articulable facts: (1)
Smith knew appellant was a drug dealer and had previously investigated cases
involving appellant; (2) Smith had recently obtained a search warrant for this residence
based on information provided by a cooperating individual that appellant and others
were dealing drugs from this residence; (3) Smith observed appellant carrying a blue
bag as if it contained something valuable; and (4) Smith recognized the contents of the
bag as a cookie of crack cocaine. 
         Appellant argues that the blue Wal-Mart bag was opaque, not translucent, and
that Smith could not see through it. The trial court believed Smith’s and Guin’s
testimony that the bag was fairly translucent and Smith’s testimony that he could see
through it without difficulty. Moreover, the State, in questioning Smith about the bag,
used a Walmart bag Smith said was similar to the one he saw appellant carrying. 
Appellant also argues that Smith was too far away to identify the contents of the blue
bag, but Smith had a pair of binoculars as well as specialized training as a narcotics
detective to aid him in identifying the cocaine. Smith also testified that, based on his
knowledge and experience, he was able to identify the contents of the bag appellant
was carrying as a cookie of crack cocaine. Giving total deference to the trial court’s
determinations of fact, we find that Smith had reasonable suspicion to detain
appellant. 
B. Arrest
         Appellant argues that his arrest was illegal because the police lacked probable
cause to arrest him contrary to chapter 14 of the code of criminal procedure. State
law governs the legality of an arrest so long as that law does not violate federal
constitutional protections against unreasonable searches and seizures. Amores v.
State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). In Texas, warrantless arrests
are authorized only in limited circumstances and are governed primarily by chapter 14
of the code of criminal procedure. Id. 
         In reviewing a warrantless arrest to determine the existence of probable cause, 
we look to the facts known to the officer at the time of the arrest. Id. at 415. An
officer has probable cause to make an arrest when the facts and circumstances within
the officer’s knowledge, and of which the officer has reasonably trustworthy
information, are sufficient themselves to warrant a person of reasonable caution in the
belief that a particular person has committed or is committing an offense. Id. at 413. 
 The court of criminal appeals has upheld arrests when officers personally observed
behavior, although not overtly criminal, that was, when coupled with the officers’ prior
knowledge, sufficient to establish probable cause that an offense was occurring. 
Beverly v. State, 792 S.W.2d 103, 105 (Tex. Crim. App. 1990); Stull v.State, 772
S.W.2d 449, 452 (Tex. Crim. App. 1989). 
         Smith was at the residence conducting surveillance because he had a search
warrant for the residence based on reliable information from a cooperating individual
that appellant was dealing drugs, particularly crack cocaine, out of this residence. 
Smith observed appellant leaving this residence holding the blue plastic bag cupped in
his hand in front of his body, and, before appellant placed it in the trunk, Smith
recognized its contents as a cookie of crack cocaine. Smith testified the method of
cooking cocaine that results in a cookie is the method used by the local drug dealers. 
Giving due deference to the trial court’s determinations of fact, we conclude that
Smith, who was acting upon his personal knowledge and observations, had probable
cause to arrest appellant for possession of cocaine. Cf. Miller v. State, 667 S.W.2d
773, 776-77 (Tex. Crim. App. 1984) (probable cause to believe substance in plastic
baggies was illicit substance based on officer’s suspicion that substance was narcotic
coupled with surrounding circumstances); Gonzales v. State, 648 S.W.2d 684, 687
(Tex. Crim. App. 1983) (officers’ observation of defendant’s attempt to conceal
balloons in his mouth coupled with their knowledge of use of balloons to carry heroin
sufficient to authorize arrest and seizure). 
C. Search
         Appellant contends the police lacked probable cause to search the trunk of his
car. A warrantless search or seizure is presumptively unreasonable, subject to a few
well- defined and limited exceptions. United States v. Karo, 468 U.S. 705, 717
(1984). One recognized exception is the “automobile exception.” Carroll v. United
States, 267 U.S. 132, 153 (1925). When a police officer possesses probable cause
that a motor vehicle contains contraband or instrumentalities of a crime, a valid search
can be conducted in the area of the vehicle where facts justify the officer’s belief that
such evidence is concealed there. Delgado v. State, 718 S.W.2d 718, 722 (Tex.
Crim. App. 1986). Smith observed appellant place a bag containing what Smith
believed was a cocaine cookie in the trunk of the car. Therefore, we find he had
probable cause to believe a crime had been committed and that there was contraband
in the trunk of the car. 
IV. Conclusion
         Giving almost total deference to the trial court’s determinations of fact and
reviewing de novo the trial court’s application of the law of search and seizure to these
facts, we conclude that the trial court did not abuse its discretion in denying
appellant’s motion to suppress. See Ford, 26 S.W.3d at 672. Accordingly, the
judgment of the trial court is affirmed. 
 
 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 27th day of August, 2004.