Affirmed and Memorandum Opinion filed February 28, 2006









Affirmed and Memorandum Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00375-CR

_______________

 

CHARLES LEE McCALLISTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________

 

On Appeal from the County Criminal
Court at Law No. 14

Harris County, Texas

Trial Court Cause No. 1191661 

________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Charles
Lee McCallister appeals a conviction for driving while intoxicated[1]
(ADWI@) on the grounds that: (1) his
constitutional rights were violated by the trial court=s denial of his motion to suppress
evidence obtained from a search of his vehicle; (2) radar detection evidence
was admitted in error; (3) his constitutional right to remain silent was
violated; and (4) he was denied effective assistance of counsel.  We affirm.








Suppression of Evidence

Appellant=s first and second issues contend
that he was subjected to an illegal de facto arrest at the inception of
his traffic stop when Deputy Smith, with his weapon drawn, ordered appellant
out of his vehicle and onto the ground, where appellant remained until a second
officer, Deputy McCall, arrived, handcuffed appellant, and placed him in the
back of a patrol car.  Appellant argues
that because this arrest was without probable cause and objectively
unreasonable, the evidence that was obtained in the ensuing search of his
vehicle[2]
was illegally obtained and thus inadmissible at trial.

We
review a trial court=s ruling on a motion to suppress with great deference to the
trial court=s determination of historical facts,
while reviewing de novo the court=s application of the law.  Torres v. State, __ S.W.3d __, 2005 WL
3310462, at *2 (Tex. Crim. App. 2005). 
Where, as here, no findings of fact are made, the evidence is viewed in
the light most favorable to the trial court=s ruling, and we assume that the
trial court made implicit findings of fact that support its ruling, as long as
the findings are supported by the record. 
Id.








A
police officer may arrest an offender without a warrant for any offense
committed in his presence or view.  Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).  Violations of
subtitle C of the Transportation Code are generally among the offenses for
which an officer may arrest without a warrant.[3]  Tex.
Transp. Code Ann. ' 543.001 (Vernon 1999). 
A person commits the misdemeanor offense of fleeing or attempting to
elude a police officer when he willfully fails or refuses to bring his vehicle
to a stop when given a visual or audible signal by a pursuing police
vehicle.  See id. ' 545.421(a).  Once an officer has probable cause to arrest,
he may search the passenger compartment of a vehicle as a search incident to
that arrest.  Thornton v. U.S.,
541 U.S. 615, 623 (2004); see also Glazner v. State, 175 S.W.3d
262, 265 (Tex. Crim. App. 2005).

In
this case, Smith initially began pursuing appellant for speeding.  However, rather than pulling over in response
to Smith=s emergency lights and siren,
appellant drove several miles down the freeway at the same speed, bypassing
several locations at which to safely pull over. 
Smith thus radioed the police dispatcher that he was in pursuit of a
vehicle and needed assistance in stopping it. 
Because appellant maintained his speed and bypassed several safe
opportunities to stop despite Smith=s signals to do so, Smith had probable
cause to arrest him without a warrant for fleeing or attempting to elude.[4]  See Tex.
Transp. Code Ann. ' 543.001.[5]  

Finally,
once appellant was handcuffed and placed in the back of Smith=s patrol car, Smith observed that
appellant had bloodshot eyes, a flushed face, a strong odor of alcohol on his
breath, and mental confusion.  Thus, at
this point, Smith also had probable cause to arrest appellant without a warrant
for DWI.  See Tex. Penal Code Ann. '' 49.01(2), 49.04(a) (Vernon 2003); see
also State v. Ballard, 987 S.W.2d 889, 893 (Tex. Crim. App. 1999). 








This
evidence, viewed in the light most favorable to the trial court=s ruling, supports the trial court=s implied determination that, prior
to searching appellant=s vehicle,[6]
Smith had probable cause to arrest appellant for evasion and DWI, and thus
authority to search appellant=s vehicle incident to the arrest.  See Thornton, 541 U.S. at 623;
Glazner, 175 S.W.3d at 265.  Accordingly,
appellant=s first and second issues fail to
demonstrate that the trial court erred in denying appellant=s motion to suppress, and are
overruled. 

Radar
Evidence

Appellant=s third issue argues that radar detection
evidence was improperly admitted over his objection because: (1) the State
failed to establish that the radar device was working properly on the occasion
in question; (2) the only basis for Smith=s belief that appellant was
committing a traffic offense was Smith=s reliance on the radar device; and
(3) Smith testified that appellant=s speed influenced his belief that
appellant was intoxicated.  However,
appellant fails to explain how this evidence, which established reasonable
suspicion for Smith to stop appellant for speeding:[7]
(1) would have been inadmissible for that purpose (i.e., to
establish reasonable suspicion) due to the lack of evidence he alleges
regarding the device; or (2) was material to his conviction for DWI.[8]  Accordingly, because appellant=s third issue does not demonstrate
either error or harm[9]
in the admission of the radar evidence, it is overruled.[10]








Right to Remain Silent

Appellant=s fourth and fifth issues complain
that his constitutional right to remain silent was violated by: (1) the
admission of the deputies= testimony regarding his post-arrest silence; (2) opening and
closing arguments by the State; and (3) admission of testimony regarding
appellant=s refusal to submit to field sobriety
tests or sign forms.

A defendant=s constitutional right to remain
silent and not have that silence used against him at trial[11]
is a forfeitable right.  See Wheatfall
v. State, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994).  Consequently, a defendant must object to
preserve complaints concerning admission of evidence indicating his pre- or
post-arrest silence.  Id.  Additionally, responses to requests for
identification and reference to refusals of field sobriety testing generally do
not violate the privilege against self-incrimination protected by the right to
remain silent.  See Griffith v. State,
55 S.W.3d 598, 603 (Tex. Crim. App. 2001); Miffleton v. State, 777
S.W.2d 76, 79-80 (Tex. Crim. App. 1989). 

Appellant specifically complains that
his right to remain silent was violated when: 
(1) Smith testified that appellant=s response to Smith=s request for identification was, A[W]hat identification?@; (2) during closing argument, the
State reminded the jury that Deputy McCall had Atried to talk to@ appellant about his confusing
answers to questions regarding appellant=s behavior; (3) the State elicited
testimony during trial that appellant refused to submit to field sobriety
tests, refused to sign forms, and answered questions in a confusing manner; and
(4) the State argued that appellant chose not to submit to various field
sobriety tests during opening and closing argument.  However, because appellant did not object to
any of these alleged violations, none are preserved for our review.[12]  See Tex.
R. App. P. 33.1.








Appellant also argues that this right
was violated when Deputy Smith testified that appellant Awasn=t saying anything@ while he was lying on the ground
beside his vehicle.  However, because
appellant objected to this testimony only after several other questions had
been asked and answered, the objection was not timely and thus failed to
preserve this complaint for our review.[13]  See Tex.
R. App. P. 33.1; see also Lagrone v. State, 942 S.W.2d 602, 618
(Tex. Crim. App. 1997).  Appellant
additionally contends that the State violated his right to remain silent by
mentioning, during closing argument, that he had refused to sign a breath test
refusal form.  However, appellant=s objection to this argument was that
there was no evidence that appellant refused to sign it, not that his right to
remain silent had been violated.  Because
appellant=s objection at trial does not comport
with his constitutional complaint on appeal, it presents nothing for our
review.  See Swain v. State, 181
S.W.3d 359, 367 (Tex. Crim. App. 2005). 
Accordingly, appellant=s fourth and fifth issues are overruled.

Ineffective Assistance of Counsel








Appellant=s sixth issue contends that he was
denied the effective assistance of counsel because his trial counsel failed to:
(1) request an instruction based on article 38.23 of the Texas Code of Criminal
Procedure;[14]
and (2) object each time the prosecutor commented on appellant=s post-arrest silence.  A defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.  Yarborough v. Gentry,
540 U.S. 1, 5 (2003); Wiggins v. Smith, 539 U.S. 510, 521, 534 (2003); Scheanette
v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004), cert. denied,
543 U.S. 1059 (2005).  Appellate review
of defense counsel=s representation is highly deferential and presumes that
counsel=s actions fell within the wide range
of reasonable and professional assistance. 
Scheanette, 144 S.W.3d at 509.  Without a record establishing trial
counsel=s reasons for the challenged action
or omission, the presumption of reasonable trial strategy can only be overcome
where no reasonable trial strategy could justify that action or omission.  See Andrews v. State, 159 S.W.3d 98,
101-03 (Tex. Crim. App. 2005).  Even
where counsel focuses on some issues to the exclusion of others,
ineffectiveness is not shown unless the omitted matters were clearly more
persuasive than those asserted.[15]  To show ineffective assistance of counsel for
the failure to object during trial, an appellant must show that the trial court
would have committed error in overruling the objection.  Ex parte White, 160 S.W.3d 46, 53
(Tex. Crim. App. 2004).








In this case, appellant contends that
the illegality of his arrest and precluding the State from introducing evidence
of his post-arrest silence were both central to his defense.  However, appellant failed to develop a record
of his trial counsel=s reason for not requesting an article 38.23 instruction, and
has not shown that a choice not to pursue the legality of his arrest with the
jury was either unreasonable as a matter of law or clearly more persuasive than
the issues counsel elected to emphasize.[16]  In addition, the unobjected to comments on
appellant=s post-arrest silence included only
his response to requests for identification and reference to his refusal of
field sobriety testing, neither of which violated his privilege against
self-incrimination.  See Griffith,
55 S.W.3d at 603; Miffleton, 777 S.W.2d at 79-80.  Because the trial court would not have erred
in overruling these objections, his counsel cannot be deemed ineffective for
failing to assert them.  See White,
160 S.W.3d at 53.  Similarly, appellant
has provided no basis to conclude that, but for these alleged errors, there is
a reasonable probability that the outcome of his trial would have been a not
guilty verdict or a lesser punishment.  See
Bone v. State, 77 S.W.3d 828, 837-38 (Tex. Crim. App. 2002).  Because appellant=s sixth issue thus fails to
demonstrate ineffective assistance of counsel, it is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed February 28, 2006.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
convicted appellant and assessed a 15 day sentence.  However, the trial court suspended the
sentence and placed appellant on community supervision for one year.





[2]           This
evidence consisted of a half-empty bottle of whiskey and a glass with what
smelled like whiskey residue.





[3]           However,
for the offense of speeding, the officer must issue a written notice to appear,
and, if the person arrested signs it, the officer must promptly release the
person.  See Tex. Transp. Code Ann. '' 543.004(a), 543.005 (Vernon Supp. 2005).





[4]           Additionally,
while in pursuit of appellant, Smith saw appellant throw something out of his
driver=s side window, and lean forward and reach backward
several times.  Smith testified that he
was quite concerned at this point that appellant was retrieving or hiding a
weapon.  After appellant pulled off the
well-lit freeway and finally came to a stop on a side street, Smith drew his
weapon and ordered appellant to remain in his vehicle with his hands
visible.  Rather than obey this order,
appellant again began reaching around in the passenger compartment of his
truck, so Smith ordered appellant out of the vehicle and onto the ground next
to appellant=s truck where Smith=s spot
light was shining.  However, instead of
complying, appellant walked to the front of his truck, where Smith saw
appellant putting his hands in the waistband of his pants and then momentarily
lost sight of him.  Smith then shouted at
appellant to lie down on the roadway, and appellant finally complied.  Smith held appellant at gunpoint until McCall
arrived, handcuffed appellant, and put him in the backseat of Smith=s patrol car. 
Although not central to our disposition, appellant=s brief fails to demonstrate that under these
circumstances Smith did not have reasonable grounds to believe he could be in
danger of bodily harm or injury, and was therefore justified in taking such
precautions as drawing his gun and ordering appellant to lie face down next to
his vehicle.





[5]           See
also Randolph v. State, No. 14-98-00514-CR, 2000 WL 38783 (Tex. App.CHouston [14th Dist.] Jan. 20, 2000, pet. ref=d) (not designated for publication).  





[6]           Smith
testified that his reason for looking inside the vehicle was to find appellant=s identification because appellant was unable to
provide it upon request.





[7]           An
officer=s use of a radar device to determine that a defendant
was traveling above the speed limit provides adequate grounds to stop a
defendant without a warrant.  McClain
v. State, 984 S.W.2d 700, 702 (Tex. App.CTexarkana
1998, pet. ref=d). 





[8]           The
case appellant relies on in support of his argument that the radar evidence was
improperly admitted involved the admission of such evidence as proof of
guilt of speeding.  See Ochoa v.
State, 994 S.W.2d 283, 285 (Tex. App.CEl Paso
1999, no pet.).





[9]           We
disregard all non‑constitutional errors that do not have a substantial
and injurious effect or influence in determining the jury=s verdict.  Tex. R. App. P. 44.2(b); Russell v.
State, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005).  





[10]         Moreover,
Smith testified that, based on his training and experience, he would have
determined appellant was speeding even without radar.   





[11]         The
Fifth Amendment of the United States Constitution protects post-arrest silence
made only after Miranda warnings have been given.  Fletcher v. Weir, 455 U.S. 603, 605-06
(1982), Doyle v. Ohio, 426 U.S. 610, 611 (1976).  However, article I, section 10 of the Texas
Constitution protects post-arrest silence even before such warnings have been
administered.  Heidelberg v. State,
144 S.W.3d 535, 537 (Tex. Crim. App. 2004).





[12]         Appellant
acknowledges this deficiency in his sixth point of error, alleging that his
trial counsel was ineffective for failing to object, discussed below.





[13]         Appellant
also moved for a mistrial, which was denied by the trial court, but he has not
challenged  the denial of the mistrial on
appeal.  Similarly, although appellant
argues on appeal that error occurred during the State=s examination of Deputy Blanco, the trial court
instructed the jury to disregard the objected to question, and appellant has
not challenged the trial court=s denial of his motion for a mistrial.





[14]         Article
38.23 provides that, in any case where the evidence raises an issue regarding
whether evidence was obtained in violation of any law or provision of the
United States or Texas Constitution, Athe jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then, and
in such event, the jury shall disregard any such evidence so obtained.@  Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005).  Appellant contends that
there were several fact issues surrounding the legality of his arrest.





[15]         See
Yarborough, 540 U.S. at 7-9; Smith v. Robbins, 528 U.S. 259, 288
(2000).





[16]         See
Ramirez v. State, 76 S.W.3d 121, 128 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (holding that trial counsel could not be found
ineffective when appellant did not file a motion for new trial and the record
contained no evidence behind his trial counsel=s
actions in failing to request such an instruction).