Affirmed and Memorandum Opinion filed August 3, 2006








Affirmed and Memorandum Opinion filed August 3, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01045-CR

____________

 

HAITHAM SAID FOTY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 972,698

 



 

M E M O R A N D U M   O P I N I O N

Following the trial court=s denial of his
pre‑trial motion to suppress evidence, appellant Haitham Said Foty
pleaded guilty to aggravated robbery.  The trial court assessed punishment at
five years= confinement.  In one issue, appellant claims the
trial court erred in denying his motion to suppress.  We affirm.

On December 31, 2003, the Harris County Sheriff=s Department
issued a general broadcast stating that two men carrying guns and a black bag
robbed a local bank.  According to the broadcast, the men wore jumpsuits and
ski masks, one man was larger than the other, 








and
they fled on four-wheelers.  Deputy M.D. Mehring, who was in the area,
responded to the broadcast.  Because Deputy Mehring suspected the robbers might
use a nearby railroad track as an escape route, he drove his motorcycle to a
railroad track approximately seven miles from the bank.  

At the railroad tracks, Deputy Mehring saw appellant and
another man, Jant Gutierrez, walking toward him on the tracks.  Deputy Mehring
waited behind a concrete column under a railroad bridge until appellant and
Gutierrez approached.  He then stepped out from behind the column and motioned
for appellant and Gutierrez to sit on the ground.  As they complied, Deputy
Mehring asked Gutierrez if he could hold the black bag Gutierrez was carrying. 
Gutierrez gave him the bag, and Deputy Mehring asked what it contained.  Both
appellant and Gutierrez responded, AGuns,@ and Deputy
Mehring looked in the bag to confirm there were guns inside.  As he questioned
appellant and Gutierrez about the guns, Deputy Mehring noticed that although
their clothing was clean, their hands, feet, necks, and faces were spattered
with mud.  He asked about the mud, and appellant and Gutierrez explained that a
train had splashed mud on them.  Deputy Mehring did not believe a train could
have caused the mud patterns, but he believed riding four-wheelers while
wearing jumpsuits could.  He also noticed that appellant was larger than
Gutierrez.  Due to his observations and the information from the police
broadcast, Deputy Mehring suspected appellant and Gutierrez of robbing the
bank.

Deputy Mehring then called for backup.  While awaiting
backup, he asked appellant and Gutierrez about high school, college, and
church.  Deputy Mehring testified that he did not ask about the bank robbery
because he feared for his life and wanted to maintain control of appellant and
Gutierrez until backup arrived by talking about other topics.  Two other
deputies arrived approximately fifteen minutes after Deputy Mehring=s call and
arrested appellant and Gutierrez.  The deputies found money and four-wheeler
keys in both appellant=s and Gutierrez=s pockets. 








In his sole issue, appellant claims the trial court erred
in denying his motion to suppress the guns, money, and four-wheeler keys.  He argues
that his initial detention was improper because Deputy Mehring had no
reasonable suspicion that he was involved in the bank robbery.  He further
argues that his continued detention while Deputy Mehring awaited backup was not
a lawful investigative detention because Deputy Mehring used no investigative
means to quickly dispel or confirm his suspicion regarding the initial stop.  

In
reviewing a trial court=s ruling on a motion to suppress, we use a bifurcated standard,
giving almost total deference to the trial court=s determination of historical facts
supported by the record, and reviewing de novo the trial court's application of
the law of search and seizure.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000);  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997);  Marsh v. State, 140 S.W.3d 901, 905 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  When, as here, the trial court
does not make explicit findings of fact, we view the evidence in a light most
favorable to the trial court=s ruling and assume that the trial court made all necessary
findings to support its ruling that are supported by the evidence.  Carmouche,
10 S.W.3d at 327B28.  








Law
enforcement officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry v. Ohio, 392 U.S. 1, 22 (1968).  To determine
whether such a detention is reasonable under the Fourth Amendment, the Terry
Court adopted a dual inquiry: (1) whether the initial detention was justified
at its inception and (2) whether the detention was reasonably related in scope
to the circumstances that justified the detention in the first place.  Id.
at 19B20.  An officer must have a reasonable
suspicion to seize a person or property.  Davis v. State,  947 S.W.2d 240,
244 (Tex. Crim. App. 1997).  Reasonable suspicion requires Athat there is something out of the
ordinary occurring and some indication that the unusual activity is related to
crime.@  Viveros v. State, 828 S.W.2d
2, 4 (Tex. Crim. App. 1992).  The scope of a detention is reasonable if it is Atemporary and
reasonably related in scope to the circumstances which justified the
interference.@  Davis, 947 S.W.2d at 243.  However, if an
officer forms a reasonable suspicion that a person has engaged in criminal
activity not related to the initial stop, the officer may continue to detain
the person for further investigation.  See Glazner v. State, 175 S.W.3d 262, 266 (Tex. Crim. App. 2005) (concluding that
marijuana odor from appellant=s vehicle gave officer reasonable suspicion to continue
detention for investigation not related to initial traffic violation). 

Appellant claims his initial detention was not based on a
reasonable suspicion.  To demonstrate that Deputy Mehring had a reasonable
suspicion to detain appellant, the State must present specific articulable
facts that, when combined with rational inferences from those facts, led Deputy
Mehring to reasonably suspect that appellant had engaged, was engaging, or was
soon to engage in criminal activity.  See Woods v. State, 956 S.W.2d 33,
38 (Tex. Crim. App. 1997).  This is an objective standard.  See Garcia v.
State, 827 S.W.2d 937, 943B44 (Tex. Crim. App. 1992).  The reasonable
suspicion determination is made by considering the totality of the
circumstances.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App.
2001). 








Deputy Mehring testified that when he
initially spotted appellant and Gutierrez, he believed they were committing a
Class C misdemeanor by walking on the railroad.  See Tex. Penal Code Ann. ' 28.07(b)(2)(A)
(Vernon 2003).  Appellant claims that he was initially detained not because of
his presence on the railroad, but based on Deputy Mehring=s Ahunch@ that he was
involved in the robbery.  However, Deputy Mehring=s subjective
motive for detaining appellant does not render the objectively reasonable
purposeCappellant=s unlawful
presence on the railroadCunreasonable.  See Whren v. United
States, 517 U.S. 806, 813 (1996) (ASubjective
intentions play no role in ordinary, probable-cause Fourth Amendment analysis.@); State v.
Gray, 158 S.W.3d 465, 469B70 (Tex. Crim. App. 2005) (AThe fact that the officer may have
had another subjective motive for seizing [appellee] would not have made an
objectively reasonable seizure unlawful under the constitutions of the United
States or of this state.@).  Thus, Deputy Mehring=s initial
detention of appellant was reasonable because he observed appellant committing
the Class C misdemeanor of walking on the  railroad. 

Appellant also argues that his continued detention was
unreasonable because it was not limited to an investigation of the
circumstances that justified his original detention.  Before calling for
backup, Deputy Mehring asked appellant and Gutierrez several questions to
investigate what they were doing on the railroad, why they were carrying guns,
and how they became spattered with mud.  Within a few moments of his initial
contact with appellant and Gutierrez, their responses and similarity to the men
described in the broadcast led him to suspect they had robbed the bank.  He
then sought to maintain control of appellant and Gutierrez while awaiting
assistance by asking about school and church.  Because Deputy Mehring had a
reasonable suspicion, based on articulable facts and rational inferences from
those facts, that appellant was involved in the bank robbery, his continued
detention of appellant was reasonable.  See Woods, 956 S.W.2d at 38.  

Having found Deputy Mehring=s initial
detention of appellant and his continued detention while awaiting backup were
reasonable, we overrule appellant=s sole issue.  

We affirm the trial court=s judgment.  

 

 

 

 

 

/s/      Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 3, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).