NO. 07-06-0451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 8, 2007
_____

LARRY DARNELL MCKELLAR, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,950-E; HON. ABE LOPEZ, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Larry Darnell McKellar, Jr. appeals from an order deferring his adjudication for possessing a controlled substance, namely cocaine. He contends that the trial court erred in denying his motion to suppress. We overrule the issue and affirm the judgment.

*Background*

On January 4, 2006, around 1:30 a.m., Officer Michael Rolland and several other police officers were conducting surveillance of an apartment complex in Amarillo. This

complex was a known site from which illegal drug transactions and arrests related thereto had occurred in the recent past. During their 30-minute surveillance of the locale, the officers observed seven or eight different people enter one particular apartment, stay momentarily, and then leave. This activity likened to conduct undertaken in the drug trade, according to Rolland.

Eventually, appellant and another man were seen leaving the same apartment and walking toward a cab. The two wore coats and baggy clothing and headed toward a waiting taxi. At that point, the officers decided to approach them. Simultaneously with their encountering the two individuals, one of the officers recognized appellant's companion; he had been arrested at the same apartment complex the week before for possessing cocaine. Given 1) his knowledge that appellant's companion had a history of drug involvement, 2) the activity occurring in the apartment, 3) the exodus of appellant and his companion from the apartment under surveillance, 4) the hour of night, 5) the nature of the clothes being worn by the two, and 6) the officers' prior knowledge that those involved in drug trafficking often carry weapons, appellant and his companion were patted down for weapons. During the pat-down of appellant, Rolland smelled the odor of marijuana coming from his clothes. At that point, appellant admitted that he had just smoked marijuana in the apartment. The officer then conducted a full search of appellant and his companion and discovered both cocaine and marijuana on their person.

*Applicable Law*

The standard of review for refusing to grant a motion to suppress is one of abused discretion. *Benitez v. State,* 5 S.W.3d 915, 918 (Tex. App.–Amarillo 1999, pet. ref'd). We

2

refer the parties to *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) for an explanation of it.

Next, police officers, like anyone else, are free to approach persons in a public place and ask questions, so long as the persons are free to leave. *Barnes v. State,* 870 S.W.2d 74, 77 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd). Neither probable cause nor reasonable suspicion is required to do so. However, to temporarily detain someone against his will, an officer must have a reasonable suspicion supported by articulable facts that criminal activity is afoot. *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Additionally, the purpose of a pat-down search is to secure officer safety. *O'Hara v. State,* 27 S.W.3d 548, 555 (Tex. Crim. App. 2000). So, officers may conduct a limited search of a suspect's outer clothing when they reasonably believe that the suspect is armed and dangerous. *Carmouche v. State,* 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). Moreover, the officer does not have to feel personally threatened or be absolutely certain that a suspect is armed. *Glazner v. State,* 175 S.W.3d 262, 265 (Tex. Crim. App. 2005). Finally, it is objectively reasonable for a policeman to believe that persons involved in the drug business are armed and dangerous. *Griffin v. State,* 215 S.W.3d 403, 409 (Tex. Crim. App. 2006); *see also Wilson v. State,* 132 S.W.3d 695, 698 (Tex. App.–Amarillo 2004, pet. ref'd) (holding that encountering someone who is reasonably suspected of engaging in drug activity can justify a brief and minimally invasive frisk of his person).

*Application of Law to Facts*

Appellant contends that the officers lacked reasonable suspicion to initially detain and pat him down for weapons. Thus, evidence regarding the officer's perception of the marijuana odor and eventual discovery of the cocaine allegedly had to be suppressed. We disagree.

3

The surveillance undertaken by the officers, the criminal history surrounding the locale, the officers' perception of what was occurring at the apartment, their interpretation of that activity given their experience, the involvement of appellant's companion with drugs (and the officers' knowledge of that), and the time of night were circumstances upon which an officer could reasonably infer that criminal activity (*i.e.* drug trafficking) was afoot. Those same indicia coupled with the nature of the clothes being worn (*i.e.* clothes that were sufficiently baggy to facilitate the hiding of weapons) also comprised evidence from which an officer could reasonably infer that the detainees may be armed. Because the record permits such inferences, we cannot say the trial court abused its discretion in denying the motion to suppress. Accordingly, appellant's issue is overruled, and the order placing him on deferred adjudication is affirmed.

Brian Quinn
Chief Justice

Do not publish.