NUMBER 13-07-00084-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DANIEL GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellant, Daniel Garcia, was indicted on one count of possession with intent to
deliver cocaine and one count of possession with intent to deliver methamphetamine. See
Tex. Health & Safety Code Ann. § 481.112(a), (c), (d) (Vernon 2003). After the trial court
denied appellant's motion to suppress evidence, appellant pleaded guilty to both counts. 
The trial court adjudicated appellant guilty and assessed punishment at fifteen years in the
Institutional Division of the Texas Department of Criminal Justice. In one issue, appellant
contends that the search of his automobile was illegal. We affirm.

I. Background Appellant filed a motion to suppress the evidence acquired during the search of his
vehicle. At the hearing on his motion, the State presented two theories supporting its
position that the search of appellant's automobile was legal. The State argued that the
search was conducted (1) incident to appellant's arrest, see New York v. Belton, 453 U.S.
454, 560 (1981), and (2) as part of an inventory search. See Perry v. State, 933 S.W.2d
249, 251 (Tex. App.-Corpus Christi 1996, pet. ref'd). After hearing testimony from Officers
Pete Ybarra and Jason Rhodes, the trial court denied appellant's motion, concluding that
the search of the vehicle was valid both as a search incident to arrest and as an inventory
search.

II. Standard of Review

 A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. 
Ford v. State, 26 S.W.3d 669, 672 (Tex. App.-Corpus Christi 2000, no pet.) (citing Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)). We give "almost total deference
to a trial court's determination of historical facts" and review de novo the trial court's
application of the law. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App.
2000); see Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the trial
court does not enter findings of fact, as in this case, we must "view the evidence in the light
most favorable to the trial court's ruling and assume that the trial court made implicit
findings of fact that support its ruling." State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000). We will sustain the trial court's ruling on the motion if the ruling is correct on any
theory of law applicable to the case and reasonably supported by the record. Laney v.
State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

III. Applicable Law

 A search without a warrant is presumptively invalid under the Fourth Amendment
unless a recognized exception to the warrant requirement exists. United States v. Karo,
468 U.S. 705, 717 (1984); Fonseca v. State, 881 S.W.2d 144, 149 (Tex. App.-Corpus
Christi 1994, no pet.). One recognized exception to the Fourth Amendment's warrant
requirement is a search incident to arrest. Strong v. State, 138 S.W.3d 546, 555 (Tex.
App.-Corpus Christi 2004, no pet.) ("[T]he rule is well-established that failure to obtain a
search warrant is excusable under both the United States and Texas Constitutions where
the search is incident to a lawful arrest."). In New York v. Belton, the United States
Supreme Court held that "when a policeman has made a lawful custodial arrest of the
occupant of an automobile, he may, as a contemporaneous incident of that arrest, search
the passenger compartment of that automobile." 453 U.S. at 460; see Glazner v. State,
175 S.W.3d 262, 265 (Tex. Crim. App. 2005). Furthermore, "the police may examine the
contents of any open or closed container found within the passenger compartment." 
Belton, 453 U.S. at 460.

III. Analysis

 In his sole issue, appellant contends that the search of his vehicle was illegal and,
more specifically, that the State did not show that the evidence discovered during the
search was obtained pursuant to a lawful inventory search. Appellant does not challenge
the validity of his arrest or the trial court's conclusion that the search was incident to his
arrest. Therefore, if we determine that the trial court's ruling that the search was incident
to appellant's arrest is correct and is reasonably supported by the record, we will sustain
the trial court's denial of appellant's motion to suppress. See Laney, 117 S.W.3d at 857.

 At the suppression hearing, Officer Ybarra testified that he observed appellant
operating his motor vehicle without a front license plate. See Tex. Transp. Code Ann. §
502.404 (Vernon Supp. 2007) (requiring that vehicles have both a front and back license
plate). After stopping appellant for that violation, Officer Ybarra discovered that appellant
had an outstanding warrant, and, pursuant to that warrant, placed him under arrest. 
Incident to appellant's arrest, Officer Rhodes searched the passenger compartment of his
automobile and discovered a closed tin can. See Belton, 453 U.S. at 460; see also
Glazner, 175 S.W.3d at 265. Officer Rhodes testified that he opened the tin can to
examine its contents. He described the contents as "plastic baggies with a white powdery
substance and also white or off-white rock-like substance . . . crystal-like substances." (1) 
See Belton, 453 U.S. at 460.

 Viewing the evidence in the light most favorable to the trial court's ruling, Ross, 32
S.W.3d at 855, we conclude the search was incident to a lawful arrest. Thus, the trial court
did not abuse its discretion by denying appellant's motion to suppress because the ruling
was reasonably supported by the record and correct on a theory applicable to the case. 
See Laney, 117 S.W.3d at 857; Ford, 26 S.W.3d at 672. We overrule appellant's sole
issue.


IV. Conclusion

 We affirm.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 15th day of May, 2008.
1. Officer Rhodes testified that the substances turned out to be cocaine and methamphetamine.