

**NUMBER 13-07-00084-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**DANIEL GARCIA,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

---

**On appeal from the 148th District Court
of Nueces County, Texas**

---

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant, Daniel Garcia, was indicted on one count of possession with intent to deliver cocaine and one count of possession with intent to deliver methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c), (d) (Vernon 2003). After the trial court denied appellant's motion to suppress evidence, appellant pleaded guilty to both counts.

The trial court adjudicated appellant guilty and assessed punishment at fifteen years in the Institutional Division of the Texas Department of Criminal Justice. In one issue, appellant contends that the search of his automobile was illegal. We affirm.

## I. Background

Appellant filed a motion to suppress the evidence acquired during the search of his vehicle. At the hearing on his motion, the State presented two theories supporting its position that the search of appellant's automobile was legal. The State argued that the search was conducted (1) incident to appellant's arrest, *see New York v. Belton*, 453 U.S. 454, 560 (1981), and (2) as part of an inventory search. *See Perry v. State*, 933 S.W.2d 249, 251 (Tex. App.–Corpus Christi 1996, pet. ref'd). After hearing testimony from Officers Pete Ybarra and Jason Rhodes, the trial court denied appellant's motion, concluding that the search of the vehicle was valid both as a search incident to arrest and as an inventory search.

## II. Standard of Review

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Ford v. State*, 26 S.W.3d 669, 672 (Tex. App.–Corpus Christi 2000, no pet.) (citing *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)). We give "almost total deference to a trial court's determination of historical facts" and review de novo the trial court's application of the law. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); *see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the trial court does not enter findings of fact, as in this case, we must "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App.

2000). We will sustain the trial court's ruling on the motion if the ruling is correct on any theory of law applicable to the case and reasonably supported by the record. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

### III. Applicable Law

A search without a warrant is presumptively invalid under the Fourth Amendment unless a recognized exception to the warrant requirement exists. *United States v. Karo*, 468 U.S. 705, 717 (1984); *Fonseca v. State*, 881 S.W.2d 144, 149 (Tex. App.–Corpus Christi 1994, no pet.). One recognized exception to the Fourth Amendment's warrant requirement is a search incident to arrest. *Strong v. State*, 138 S.W.3d 546, 555 (Tex. App.–Corpus Christi 2004, no pet.) ("[T]he rule is well-established that failure to obtain a search warrant is excusable under both the United States and Texas Constitutions where the search is incident to a lawful arrest."). In *New York v. Belton*, the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460; *see Glazner v. State*, 175 S.W.3d 262, 265 (Tex. Crim. App. 2005). Furthermore, "the police may examine the contents of any open or closed container found within the passenger compartment." *Belton*, 453 U.S. at 460.

### III. Analysis

In his sole issue, appellant contends that the search of his vehicle was illegal and, more specifically, that the State did not show that the evidence discovered during the search was obtained pursuant to a lawful inventory search. Appellant does not challenge the validity of his arrest or the trial court's conclusion that the search was incident to his

arrest. Therefore, if we determine that the trial court's ruling that the search was incident to appellant's arrest is correct and is reasonably supported by the record, we will sustain the trial court's denial of appellant's motion to suppress. *See Laney*, 117 S.W.3d at 857.

At the suppression hearing, Officer Ybarra testified that he observed appellant operating his motor vehicle without a front license plate. *See* TEX. TRANSP. CODE ANN. § 502.404 (Vernon Supp. 2007) (requiring that vehicles have both a front and back license plate). After stopping appellant for that violation, Officer Ybarra discovered that appellant had an outstanding warrant, and, pursuant to that warrant, placed him under arrest. Incident to appellant's arrest, Officer Rhodes searched the passenger compartment of his automobile and discovered a closed tin can. *See Belton*, 453 U.S. at 460; *see also Glazner*, 175 S.W.3d at 265. Officer Rhodes testified that he opened the tin can to examine its contents. He described the contents as "plastic baggies with a white powdery substance and also white or off-white rock-like substance . . . crystal-like substances."[1] *See Belton*, 453 U.S. at 460.

Viewing the evidence in the light most favorable to the trial court's ruling, *Ross*, 32 S.W.3d at 855, we conclude the search was incident to a lawful arrest. Thus, the trial court did not abuse its discretion by denying appellant's motion to suppress because the ruling was reasonably supported by the record and correct on a theory applicable to the case. *See Laney*, 117 S.W.3d at 857; *Ford*, 26 S.W.3d at 672. We overrule appellant's sole issue.

---

[1] Officer Rhodes testified that the substances turned out to be cocaine and methamphetamine.

## IV.  Conclusion

We affirm.

_____
NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 15th day of May, 2008.