Opinion issued July 2, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00880-CR

____________


ENZO SANCHEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1170967






MEMORANDUM OPINION

 Appellant, Enzo Sanchez, without an agreed punishment recommendation from
the State, pleaded true to the offense of possession of cocaine weighing less than one
gram, (1) and the trial court assessed his punishment at confinement for 240 days. In his
sole point of error, appellant contends that the trial court erred in denying his motion
to suppress evidence.

 We affirm.

Background

 At a hearing on appellant's motion to suppress the cocaine found in his car,
Houston Police Department ("HPD") Officer Meola testified that on June 13, 2008,
he saw appellant driving a car past him on the opposite side of the road, the front-seat
passenger was not wearing a seat belt, and there "wasn't a front license plate on the
vehicle as well." After Meola turned his patrol car around to follow them, he "lit up
the overhead lights," "flashed the Q-beam on in the back window," and saw appellant
and the passenger making movements as though they "were either trying to hide
something or grab something" in "the center console area." After appellant had
pulled his car to the side of the road, Meola approached appellant's car and "asked
[him] to step out." Meola then searched appellant for weapons because of the overt
movements he had seen.

 After searching appellant for weapons, Officer Meola asked appellant about the
movement in the car. Appellant told him, "Well, there's nothing in the vehicle." 
Meola then asked, "Do you have any problem with us searching the vehicle?" "No,"
appellant replied, "there's nothing in there." At that point, Meola's partner, HPD
Officer N. Alvarado, searched the vehicle.

 Officer Alvarado testified that when he searched appellant's car, he found "two
baggies of cocaine on the passenger side between the console and the seat." After
placing appellant and his passenger under arrest, Alvarado and Meola searched the
car further and found "another baggie on the driver's side between the driver's seat
and the center console."

Motion to Suppress Evidence

 In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress evidence because the State did not demonstrate that the police
officers had "reasonable suspicion for the traffic stop," and, even if the State had
demonstrated that the officers had reasonable suspicion, the State did not prove that
the officers had probable cause or consent to perform a warrantless search of his car.

 Our standard for reviewing a trial court's ruling on a motion to suppress
evidence is bifurcated; we give almost total deference to a trial court's determination
of historical facts and review de novo the trial court's application of the law. 
Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). In reviewing a ruling
on a question of the application of law to facts, we review the evidence in the light
most favorable to the trial court's ruling. Montanez v. State, 195 S.W.3d 101, 106
(Tex. Crim. App. 2006). However, the trial court is the sole and exclusive trier of fact
and judge of the witnesses' credibility. Maxwell, 73 S.W.3d at 281. Accordingly, the
trial court may choose to believe or to disbelieve all or any part of the witnesses'
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Unless the
trial court abuses its discretion by making a finding unsupported by the record, we
defer to the trial court's findings of fact and will not disturb them on appeal. Flores
v. State, 177 S.W.3d 8, 13-14 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd). 
When, as here, the parties do not request, and the trial court does not make, findings
of fact and conclusions of law, we view the evidence in the light most favorable to
the trial court's ruling and assume that the trial court made implicit findings of fact
that support its ruling as long as those findings are supported by the record. Ross, 32
S.W.3d at 855. In reviewing a trial court's ruling, we generally consider only
evidence adduced at the suppression hearing because the ruling was based on it rather
than on evidence introduced later. Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim.
App. 1996).

 Appellant initially argues that the evidence adduced at the suppression hearing
"was insufficient to establish reasonable suspicion for the traffic stop" because the
"testimony at the suppression hearing was conclusory." 

 A police officer conducts a lawful temporary detention when he has reasonable
suspicion to believe that an individual is violating the law. Ford v. State, 158 S.W.3d
488, 492 (Tex. Crim. App. 2005). Reasonable suspicion must be based on "objective
criteria" and not merely on "a police officer's opinion." Id. at 493 (citing Terry v.
Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968)). A police officer's mere opinion
that an individual is violating the law is conclusory and does not create reasonable
suspicion in the absence of objective facts supporting that opinion. Id. at 494. 

 Appellant contends that a "police officer's mere legal conclusion that he
witnessed a seat belt violation is insufficient to establish reasonable suspicion for a
seat belt violation," relying on Garcia v. State, 43 S.W.3d 527, 531 (Tex. Crim. App.
2001). In Garcia, a police officer testified, "The middle passenger, small child,
looked back at me several times." Id. at 528. Based on his observation of the child
looking back, the police officer testified that he believed "the child was not wearing
a seat belt." Id. The Court held that a police officer's testimony that a "child 'looked
back' several times . . . is simply not enough to give rise to reasonable suspicion that
the child was not wearing a seat belt." Id. at 531. 

 Unlike the police officer in Garcia, Officers Meola and Alvarado did not
assume that the front-seat passenger in appellant's car was not wearing a seat belt;
rather, they both saw that he was not wearing a seat belt. Thus, we conclude that
there is sufficient evidence to support the trial court's implied finding that the police
officers had reasonable suspicion to stop appellant's car.

 Appellant also argues that "his alleged verbal consent to search the car was
involuntary" because "the show of force by the officer pulling appellant out of the car
rendered refusal of consent unthinkable." (2)

 Voluntarily-given consent provides an exception to the general requirement
that police officers obtain a search warrant before conducting a search. Gutierrez v.
State, 221 S.W.3d 680, 685-86 (Tex. Crim. App. 2007). "The validity of a
consensual search is a question of fact, and the State bears the burden to prove by
clear and convincing evidence that consent was obtained voluntarily." Id. at 686. 
This burden includes proving that consent was not the result of duress or coercion. 
Id. In determining whether the State has met its burden, we examine the totality of
the circumstances. Id. at 686-87. 

 Here, Officer Meola testified that he "pulled [appellant] out of the vehicle
because [he] felt [that he] had probable cause to believe that there was either a
weapon or narcotics in the vehicle." Meola explained that he "asked [appellant] to
step out" of the car and, after searching appellant for weapons, asked him for his
identification. Meola looked at appellant's identification and then asked him about
the furtive movements in the car. Appellant told him, "Well, there's nothing in the
vehicle." Meola then asked appellant, "Do you have any problem with us searching
the vehicle?" "No," appellant replied, "there's nothing in there." Based on this
uncontradicted evidence, we conclude that the State met its burden of demonstrating
that appellant voluntarily consented to the search of his car and that appellant was not
forced to consent to the search under duress or coercion.

 Appellant further argues that his consent was not voluntary because it was 
"tainted by [his] illegal stop and detention," relying on Brick v. State, 738 S.W.2d
676, 680-81 (Tex. Crim. App. 1987), and Meeks v. State, 692 S.W.2d 504, 509-10
(Tex. Crim. App. 1985). However, Brick only applies to situations involving the
admissibility of evidence that is obtained "from a warrantless but consensual search
following an illegal arrest." Brick, 738 S.W.2d at 681 (emphasis added). Similarly,
in Meeks, the court held that the defendant had not voluntarily consented only after
recognizing that the defendant had been illegally detained. 692 S.W.2d 510. Here,
having already concluded that the police officers legally stopped and initially
detained appellant based on reasonable suspicion, we further conclude that his
consent was not tainted by the initial stop and detention. 

 In regard to whether the police officers unlawfully detained appellant when
they asked him to step out of the car and searched him for weapons, (3) we note that
during the course of a lawful investigatory detention, a police officer may conduct a
limited search for weapons when it is reasonably warranted for his own safety or the
safety of others. Terry, 392 U.S. at 27, 88 S. Ct. at 1883; Ramirez v. State, 672
S.W.2d 480, 482 (Tex. Crim. App. 1984); Canales v. State, 221 S.W.3d 194, 202
(Tex. App.--Houston [1st Dist.] 2006, no pet.). A police officer need not feel
personally threatened or be absolutely certain that a suspect is armed in order to
conduct a pat-down search. Glazner v. State, 175 S.W.3d 262, 265 (Tex. Crim. App.
2005). However, a police officer may perform a limited search for weapons when "a
reasonably prudent man in the circumstances would be warranted in the belief that his
safety or that of others was in danger." Terry, 392 U.S. at 27, 88 S. Ct. at 1883. In
determining whether a police officer has acted reasonably, we give due weight "not
to his inchoate and unparticularized suspicion or 'hunch,' but to the specific
reasonable inferences which he is entitled to draw from the facts in light of his
experience." Id. 

 Here, Officer Meola testified that he had observed appellant and the passenger
"trying to hide something or grab something" in the "center console area" of the car. 
Officer Alvarado testified that these "overt movements" caused concern because he
was worried that appellant and the passenger may have had weapons in the center
console area. Thus, the detention of appellant for a pat-down search for weapons was
not unlawful. Accordingly, we conclude that appellant's consent was not tainted by
this stop and detention.

 Having concluded that the trial court could have reasonably found that
appellant voluntarily consented to the search, we need not address appellant's
contention that the "officers did not have probable cause to believe the car contained
evidence of a crime." See Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App.
1997) (reasoning that warrantless searches conducted by police officers with
defendant's voluntary consent do not implicate Fourth Amendment).

 Accordingly, we hold that the trial court did not abuse its discretion in denying
appellant's motion to suppress evidence.

 We overrule appellant's sole point of error. 





Conclusion

 We affirm the judgment of the trial court. 

 



 



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 



1. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2008), §
481.115(a), (b) (Vernon 2003).
2. Appellant also asserts that his "consent was not volunteered, but rather requested by
Officer Meola, who did not tell appellant he had a right to refuse to give consent." 
However, there is no requirement that an individual must be told that he is "free to
go" in order for his consent to be voluntary. See Ohio v. Robinette, 519 U.S. 33, 35,
117 S. Ct. 417, 419 (1996).
3. In his brief to this Court, appellant asserts that after the stop and initial detention, the
police officers placed him "on the ground behind the car." However, the record does
not support this assertion.